## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50205 | DATE | 3/25/2004 |
| CASE TITLE | Economic Studies vs. Ehredt | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion to dismiss Count II of the complaint, grants plaintiff's motion to dismiss the counterclaim, and denies plaintiff's motion to strike the jury demand.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 26 2004 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3-25-04 | |
| | | | date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Economic Studies, Inc., filed a two-count complaint against defendant, Kenneth Ehredt, alleging a breach of contract in Count I based on a written personal guaranty signed by defendant, and seeking punitive damages for a bad faith and willful breach of contract in Count II. Defendant has filed a counterclaim alleging violations of the "Illinois Consumer Fraud Act" and the "Deceptive Business Practices Act." Jurisdiction is based on diversity of citizenship as plaintiff is a New York corporation with its principal place of business in New Jersey, defendant is a citizen of Illinois, and the amount in controversy exceeds $75,000. Defendant has moved to dismiss Count II for failure to state a claim, and plaintiff has moved to dismiss defendant's counterclaim as well as to strike defendant's jury demand.

Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if the court concludes after examining the plaintiff's factual allegations and any inferences reasonably drawn therefrom in a light most favorable to the plaintiff, that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Yasak v. Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago, 357 F. 3d 677, 678 (7th Cir. 2004).

The court will first address defendant's motion to dismiss Count II of plaintiff's complaint. The written guarantee that provides the basis for the complaint provides that New York law shall apply, and the parties agree that New York law applies.

The crux of defendant's motion to dismiss is that New York law does not recognize a claim for punitive damages in a "straightforward breach of contract" case. Plaintiff, in turn, contends that New York law allows for recovery of punitive damages for breach of contract where the breach is willful and in bad faith.

The controlling case on the issue is Rocanova v. Equitable Life Assurance Society of the United States, 83 N.Y. 2d 603, 634 N.E. 2d 940 (1994), decided shortly after the decision in Hudson Motors Partnership v. Crest Leasing Enterprises, Inc., 845 F. Supp. 969 (E.D. N.Y. 1994), a case relied on by both plaintiff and defendant here. See Reuben H. Donnelly Corp. v. Mark I Marketing Corp., 893 F. Supp. 285 (S.D. N.Y. 1995) (questioning Hudson in light of Rocanova). In Rocanova, the court of appeals held that, to recover punitive damages in a breach of contract case, a private party must not only demonstrate egregious tortious conduct by which he was aggrieved, but also that such conduct was part of a "pattern of similar conduct directed at the public generally." Rocanova, 83 N.Y. 2d at 613, 634 N.E. 2d at 944. Such an extraordinary remedy will be available only in a limited number of instances. Rocanova, 83 N.Y. 2d at 613, 634 N.E. 2d at 944. Here, the court grants defendant's motion to dismiss Count II as it fails to allege either egregious tortious conduct or a pattern of similar conduct directed at the general public.

The court turns next to plaintiff's motion to dismiss defendant's counterclaim. The court grants the motion to dismiss because the counterclaim fails to allege an identifiable cause of action. The court notes that the allegations of the counterclaim are more in the nature of a defense to enforcement of the guarantee as opposed to a separate cause of action. Defendant is cautioned to carefully consider seeking leave to amend.

That leaves plaintiff's motion to strike defendant's jury demand. A jury waiver will be enforced if it was made knowingly and voluntarily. Sutter Insurance Co. v. Applied Systems, Inc., 2004 WL 161508, *7 (N.D. Ill. Jan. 26, 2002). Whether the right to a jury has been waived is governed by federal rather than state law even in diversity cases. Household Commercial Financial Services, Inc. v. Suddarth, 2002 WL 31017608, *8 (N.D. Ill. Sept. 9, 2002). While it is not clear in this circuit which party bears the burden on the issue of the voluntariness of the waiver, it is clear that the party seeking to avoid a purported waiver must come forth with some evidence that calls the voluntariness into question. Sutter, at *7; Bonfield v. Aamco Transmissions, Inc., 717 F. Supp. 589, 595 (N.D. Ill. 1989).

In this case, the validity of the waiver cannot be determined at this point in the litigation as defendant's theory of invalidity depends on factual matters outside the four corners of the guarantee and defendant has had no opportunity to submit evidence in that regard. Thus, the court denies the motion to strike defendant's jury demand.

For the foregoing reasons, the court grants defendant's motion to dismiss Count II of the complaint, grants plaintiff's motion to dismiss the counterclaim, and denies plaintiff's motion to strike defendant's jury demand.